CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

SEP 3 0 2008

JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 5:08cr00024 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | |
| FRANCIS HABO GEORGE ) | By: Hon. James G. Welsh |
| ) | U.S. States Magistrate Judge |
| ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct an initial appearance, waiver of indictment, and plea hearing.

The United States, by counsel proposed to file a criminal information in charging the defendant in Count One with the commission of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, and charging the defendant in Count Two with knowingly making a false declaration on a tax return, in violation of Title 26, United States Code, Section 7206(I). Counsel for the defendant then stated that her client desired to waive grand jury presentment and pursuant to a written plea agreement to enter pleas of guilty, upon arraignment, to the two charges in the Information.

**DEFENDANT'S RESPONSES TO RULE 7 INQUIRY**

On September 26, 2008, a waiver of indictment proceeding was conducted before the undersigned and the defendant waived indictment. At this hearing, the defendant came in person and with his counsel, Fay Spence, Assistant Federal Public Defender. The United States was represented by C. Patrick Hogeboom, III, Assistant United States Attorney.

After the defendant was placed under oath, he stated that he understood that he was obligated to testify truthfully in all respects under penalty of perjury. He testified that is full legal name is Francis Habo George; his name in all respects is correctly spelled in the Information; he is fifty-nine years of age, that he has a post-graduate medical degree, that he can read, write and understand the English language, that he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, and that he was using no medication or drugs which might impair his ability to understand and participate in the proceeding. The defendant further testified that he had discussed the charge with his attorney that he was fully satisfied with the services of his attorney, that he had received, fully read and understood the charges against him and set forth in the proposed Information.

The charges against the defendant were nevertheless fully explained to him, and he was informed that the charges were felonies. The defendant again stated that he understood the charges and understood they were both a felonies.

The defendant was next informed that he had a constitutional right to be charged by a grand jury indictment, that a grand jury might not find probable cause to believe that he committed the

2

alleged offenses, that a grand jury might or might not return an indictment against him, and that a waiver of indictment by him would mean that the cause would proceed as though he had been indicted. The defendant testified that he had discussed the matter of waiving his right to indictment with his attorney, that he fully understood his right to indictment by grand jury, that no threats or promises had been made to induce him to waive indictment, and that it was his desire to waive the right to grand jury presentment and indictment.

With the agreement of his attorney, the defendant waived indictment and signed the waiver of indictment form in open court. The undersigned then made a formal finding that the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended pursuant to the terms of the above-referenced referral. The Information was then filed and made a part of the record.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

After the defendant's written waiver of indictment was executed, a further plea hearing was conducted by the undersigned on the same date. As previously reported herein, the defendant had been placed under oath and had given testimony confirming his identity, his competency, his receipt of a copy of the Information, his understanding of the charges, his previous full discussion of the charges with his attorney, and his satisfaction with the representation and advice of his attorney. At the plea hearing, the defendant stated, and his attorney confirmed, that he wished to enter pleas of guilty to the two felony charges set forth in the Information.

3

By counsel, the government's understanding of the plea agreement was stated in some detail, including the agreement for the defendant to plead guilty to Counts One and Two of the Information [¶ 1]; the defendant's express acknowledgment of the applicable maximum statutory penalties for violation of 18 U.S.C. § 1343 and 26 U.S.C. § 7206(I) [¶ 1]; the defendant's express admission of guilt to the offense charged in Count one and to the offense charged in Count Two[¶ 1]; the government's agreement not to bring any further charges relative to certain enumerated matters and not to seek forfeiture of certain enumerated property [¶ 2]; the terms of the parties' concerning the financial loss occasioned by the defendant's fraud and the applicability of a two point enhancement for abuse of trust or special skill as defined in Guideline section 3B1.1(3) [¶ 3]; the terms of the agreement's acceptance of responsibility provision [1] [¶ 4]; the defendant's obligation to pay a mandatory $200.00 assessment [¶¶ 1 and 5]; the sentencing recommendation provision [¶ 6]; the agreement's terms pertaining to any evidence proffer [¶ 7]; the agreement's "substantial assistance" provision ¶ 8]; the defendant's waiver of his right to appeal any sentence and waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶¶ 9 and 10]; the defendant's statute of limitations waiver [¶ 11]; the agreement's completion of prosecution provision [¶ 12]; and the substance of the agreement's other terms [¶¶ 13-16].

After which, the defendant was asked what his understanding of the terms of the agreement, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that her understanding was the same. The

---

[1] Counsel for the government represented that to date the defendant had complied with all preconditions applicable to this provision of the plea agreement.

4

defendant was then shown the original of the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in a effort to induce him to enter pleas of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case.

In response to questions by the undersigned, the defendant testified that he understood the offenses to which he wished to plead guilty were felonies. He stated that he knew that his pleas, if accepted, would result in his being adjudged guilty of the offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm. He expressly acknowledged that he was proposing to enter a plea of guilty to a charge of wire fraud (misuse of funds obtained in connection with a certain Department of Health and Human Services grant) and to enter a plea of guilty to a charge of perjury in connection with his filing of his individual income tax return ("Form 1040) for calendar year 2004. After the attorney for the government informed the defendant of the maximum possible penalty provided by law for each offense charged in the Information, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Information was twenty (20) years confinement in a federal penitentiary, a $250,000.00 fine, a mandatory special assessment of $100.00, and a period of supervised release, and that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Two of the Information was three (3) years confinement in a federal penitentiary, a $250,000.00 fine, the costs of prosecution, a mandatory special assessment of $100.00, and a period of supervised release.

The defendant was informed, and he expressly acknowledged, that in determining his sentence the court would consider the following factors: the nature and circumstances of the offense; the history and characteristics of the defendant; any objectives of sentencing established by Congress; the need to protect the public; the need for the sentence to reflect the seriousness of the offense; the need to promote respect for the law; the need to provide just punishment, the need to afford adequate deterrence, any determined needs of the defendant for educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of sentences that are available; the pertinent sentencing guidelines and policy statements; the need to avoid unwarranted sentence disparities, and any need to provide restitution. He acknowledged that the court may order him to make full restitution to the victim and could require him to forfeit property to the government. He also stated that he knew that he would be required to pay the mandatory $200.00 special assessment.

The defendant testified that he and his attorney: had talked about how the Sentencing Commission Guidelines might apply to his case; that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. Pursuant to the express terms of the plea agreement, he acknowledged that he was waiving his right to appeal guideline sentencing issues or to appeal any sentence within the guideline range on the ground that his sentence was unreasonable, he was waiving his right to attack collaterally either his conviction or his sentence. If the court did not accept the sentencing recommendation in the plea agreement, the defendant acknowledged that he would still be bound by his pleas and would have

no right to withdraw either of them. He also acknowledged that he knew parole had been abolished and that he would not be released on parole.

Each of his procedural rights surrendered on a plea of guilty were also explained including: his right to plead not guilty to any offense charged against him and his right to persist in a not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; the presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witness presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. The defendant testified that he understood his right to plead not guilty and the attendant rights that he would waive by pleading guilty.

The defendant further testified that he was pleading guilty because he was in fact guilty of the wire fraud, as alleged in Count One, and because he was in fact guilty of tax perjury, as alleged in Count Two.

Counsel for the government then submitted for filing a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. After consulting with his counsel, the defendant voluntarily waived a reading of the Information, entered a plea of GUILTY to Count One alleging his violation of Title 18, United States Code, Sections 1343 and 2, and entered

a plea of GUILTY to Count Two alleging his violation of Title 26, United States Code, Section 7206(I), and he executed the requisite form which was filed and made a part of the record.

After entering his plea of guilty, after a independent basis for the plea was established, and after being informed that the undersigned would recommend acceptance of his plea, the defendant stated that he was "more than satisfied" with the advice, assistance and services of his attorney.

On the recommendation of the government's attorney, the defendant was released on an unsecured bond in the amount of $10,000.

## GOVERNMENT'S EVIDENCE

After review, the government's written evidence proffer, the contents of which the defendant and this attorney expressly agreed, was filed and made a part of the record. It is incorporated herein by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of waiving his right to grand jury presentment;

8

2. The defendant, in open court and after being advised of the nature of each charge and of his right to grand jury presentment, orally and in writing waived prosecution by indictment;

3. The defendant is fully competent and capable of entering an informed plea to each of the charges set forth in the Information;

4. The defendant is fully aware of the nature of the charge and the consequences of his pleas;

5. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. Before entering his pleas, the defendant and the government reached a detailed plea agreement which was reduced to writing and signed by the defendant;

7. Defendant's entry into a plea agreement, his waiver of indictment and his tender of pleas of guilty were made with the advice and assistance of counsel;

8. The plea agreement complies with the requirements of Rule 11(c)(1);

9. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Information;

10. The defendant knowingly and voluntarily entered a plea of guilty to Count Two of the Information;

11. The defendant's pleas of guilty are fully voluntary and did not result from force, threats, or promises other than those contained in the written plea agreement; and

12. The evidence presents an independent basis in fact containing each essential element of both offenses to which the defendant pleading guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Counts One and Two of the Information, that he be adjudged guilty

of both said offenses, and that a sentencing hearing be scheduled before the presiding district judge on December 16, 2008 at 10:30 a.m.

### NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 30th day of September 2008.

/s/ *James G. Welsh*
U.S. Magistrate Judge